UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                               08-cr-753 (PKC)

      -against-                                              ORDER

JOSE CABRERA ,

            Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Jose Cabrera, who represents himself pro se, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Cabrera is currently serving a 172-month sentence and has a projected release date of February 17, 2022. He asserts that a sentencing reduction is warranted because he has high blood pressure, respiratory difficulties and has served more than two-thirds of his sentence. Although Cabrera does not expressly mention the Covid-19 pandemic, the Court construes his motion to assert that he faces a heightened risk of serious health complications from Covid-19 based on his underlying health conditions.

        For the reasons that will be explained, the Court concludes that Carbrera has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence. The motion will therefore be denied.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances

warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination and in isolation.  See <u>United States v. Brooker</u>, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); <u>see also</u> <u>United States v. Roney</u>, 833 Fed. App'x 850, 852 (2d Cir. 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

        Cabrera asserts that he applied for compassionate release to the warden of his facility, and that the request was denied in November 2020.  The government does not dispute that he has exhausted his administrative remedies.  (Gov't Mem. at 2.)

        Cabrera asserts that he "is suffering of high blood pressure [and] has respiratory difficulties . . . ." (Motion at 2.)  The government has submitted a 247-page exhibit containing Cabrera's medical records while in the custody of the Bureau of Prisons ("BOP").  The records reflect that medical personnel evaluated Cabrera on December 17, 2020 and concluded that his hypertension is "well controlled." (Gov't Mem. Ex. A at 127.)  The government represents that the records do not indicate that Cabrera suffers from a respiratory illness, and none is apparent in a recent health appraisal.  (<u>Id.</u>)  Cabrera's motion does not identify a specific ailment and refers only to respiratory "difficulties."  (Motion at 2.)  A website maintained by the Centers for Disease Control ("CDC") states that hypertension or high blood pressure "can make you more likely to get severely ill from COVID-19."[1]  This is in contrast to other conditions, such as

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

pregnancy, where infected persons "are more likely to get severely ill from COVID-19 . . . ." Cabrera was born in September 1976 and is 44 years old. (PSR at 2.)

Cabrera currently resides at CI McRae in Helena, Georgia. A Bureau of Prisons website indicates that as of the date of this Order, there is one confirmed case of Covid-19 among facility inmates and no cases among staff.[2] The BOP does not appear to list historical incidents of infection at CI McRae. The government represents that a total of 25 inmates at CI McRae have tested positive for Covid-19 at some point, and that, as of March 29, 2021, the facility had not yet begun to vaccinate inmates. (Gov't Mem. at 2.)

According to the Bureau of Prisons website, Cabrera has an anticipated release date of February 17, 2022.[3] Cabrera was detained on or about September 15, 2009, following the revocation of his bail. (PSR ¶ 8.) As of April 2021, Cabrera has served approximately 93% of his term of incarceration.

In reviewing Cabrera's motion, the Court also considers the section 3553(a) factors, including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, respect for the law, just punishment, deterrence, the need to protect the public, and the avoidance of unwarranted sentencing disparities. 18 U.S.C. § 3553(a). On August 5, 2010, Cabrera pleaded guilty to all three counts set forth in the S2 Superseding Information, which charged him with one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and one count of committing a federal offense while released on bail, in violation of 18 U.S.C. § 3147(A). (See Plea Transcript.) As to Count Three, the

---

[2] https://www.bop.gov/coronavirus/
[3] https://www.bop.gov/inmateloc/

Superseding Information charged Cabrera with committing the offense charged in Count Two during the period that he was released on bail while criminal charges were pending in this case. (Docket # 27.)

The PSR describes Cabrera's involvement in sophisticated narcotics-distribution conspiracies. The cocaine conspiracy included multiple participants, and involved the shipment of cocaine secreted in plastic orbs in breadfruit shipments from the Dominican Republic to John F. Kennedy Airport on commercial flights. (PSR ¶¶ 21-31.) A commercial truck driver was utilized to transport cocaine from the airport. (PSR ¶ 21.) As to the heroin conspiracy, Cabrera was arrested following a transaction for a quantity of heroin that "comes like a rock" and that was delivered in a blue Porsche registered to Cabrera. (PSR ¶¶ 11-16.)

The plea agreement between Cabrera and the government included a Stipulated Guidelines range of 292 to 365 months. (Plea Tr. at 3-4; PSR ¶ 6.) The Presentence Report ("PSR") assigned Cabrera to a criminal history category of I and an offense level of 38, which included a two-level leadership enhancement. (PSR ¶¶ 6, 53, 85.) Judge McKenna adopted a sentencing range of 235 to 293 months under the advisory Sentencing Guidelines. (Id. at 12; PSR ¶ 84.)

On June 15, 2011, the Judge McKenna sentenced Cabrera principally to a term of 172 months' imprisonment, consisting of a 120-month sentence on Counts One and Two to be served concurrently, and a 52-month sentence on Count Three to be served consecutively, plus a term of supervised release totaling five years. (Sentencing Tr. at 13.) Thus, the sentence was 120 months below the bottom of the Stipulated Guidelines range and 63 months below the bottom of the Guidelines range adopted by the Court. In his statement of reasons, Judge McKenna stated that "one of the troubling things" about the case "is the fact that one of these

substantive crimes was committed at a time when the defendant was on supervised release."[4] (Sentencing Tr. at 12.)  He stated that "heroin is probably the worst drug that comes into this country" and "that there is nothing probably that is more addictive than heroin; that is, it's easier to get somebody off cocaine, say, than heroin.  It's a dangerous drug and we're dealing in large quantities."  (Id. at 13.)  "At the same time, I don't think it's necessary to comply with the sentencing objectives of 3553(a) to impose a sentence that has the full weight of the guidelines behind it.  In all frankness, I think just in general they go to far.  But a serious sentence is important."  (Id.)

        Cabrera has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Medical records state that his hypertension is "well controlled" through the use of medication.  (Gov't Mem. Ex. A at 127.)  Cabrera has not identified the nature of his "respiratory difficulties," and any respiratory illness is not apparent from his medical records.  Cabrera does not urge that CI McRae is unable to provide him with adequate medical care or that it has failed to impose measures to safeguard against the spread of Covid-19.

        In addition, the factors of section 3553(a) weigh heavily against the application.  After initially being charged with one count of conspiracy to distribute and possess with intent to distribute heroin, Cabrera participated in a sophisticated cocaine-distribution conspiracy while on bail.  At sentencing, Judge McKenna emphasized the need for "a serious sentence" and the fact that Cabrera engaged in criminal conduct while released on bail.  The nature and circumstances of the offenses, Cabrera's history and characteristics, the seriousness of his offenses, respect for the law, the need for just punishment, deterrence, protection of the public and the avoidance of

---

[4] Presumably, the reference to supervised release was intended as a reference to bail.

unwarranted sentencing disparities all weigh heavily against Cabrera's application, particularly given that his sentence already reflects a significant downward departure from the stipulated Guidelines range.

Viewing all circumstances in combination and in isolation, Cabrera has not demonstrated extraordinary and compelling circumstances that warrant a sentencing reduction. His motion is therefore DENIED. The Clerk is directed to terminate the motion and the related letter-motion. (Docket # 57, 63.)

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 20, 2021

COPY MAILED TO:

Jose Cabrera
Register No. 70523-054
McRae Correctional Institution
P.O. Drawer 55030
McRae Helena, GA  31055